IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. <u>16-cr-30130-JPG</u> |
| | ) | |
| RA TEM JONES, | ) | |
| Defendant. | ) | |
| | ) | |

## **<u>STIPULATION OF FACTS</u>**

The United States of America, by and through Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Monica A. Stump, Assistant United States Attorney, together with Defendant Ra Tem Jones (Jones) and his counsel, Stephen Welby, Esq., agree and stipulate to the following Stipulation of Facts:

1. From an unknown date, but no later than April 30, 2014, continuing until on or about July 30, 2016, Jones agreed to and conspired to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marihuana with coconspirators Eutimo Hector Fernandez-Cavazos (Fernandez) and Joe Guadalupe Caballero (Caballero) and others in St. Clair County, Illinois and elsewhere.

2. Prior to April 30, 2014, Fernandez and Jones met in federal prison. The two agreed that Fernandez would supply or arrange for another person to supply Jones with drugs upon his release.

3. Following Jones' release from federal prison on or about April 30, 2014, Fernandez began supplying or arranging for another person to supply Jones with marihuana and later cocaine.

4. To accomplish delivery of cocaine and marijuana to Jones during the conspiracy, Fernandez recruited Caballero, a tractor-trailer truck driver, and others to drive the drugs

from southern Texas to Jones in East St. Louis, Illinois, which is located within St. Clair County within the Southern District of Illinois.

5. Fernandez would coordinate the delivery of drugs with Jones and the truck drivers over the telephone. Fernandez would call the drivers to track their locations and report this information to Jones. Once the drivers were close, Fernandez would provide the drivers' cellular telephone numbers to Jones. Fernandez would maintain contact with Jones throughout the delivery.

6. Jones would meet Caballero and other truck drivers at a truck stop in East St. Louis, Illinois. Caballero would follow Jones to a convenience store in East St. Louis, where Jones would unload the drugs.

7. Fernandez typically "fronted" the drugs to Jones, meaning Jones would receive the drugs first from the truck drivers and he would pay Fernandez back for the drugs at a later time after Jones sold the drugs to others.

8. In all, during the conspiracy, Fernandez supplied Jones with more than 5 kilograms of cocaine and more than 1,000 kilograms of marihuana. The exact amount of relevant conduct is in dispute.

9. Jones concedes that cocaine is a Schedule II Controlled Substance and marihuana is a Schedule I Controlled Substance.

10. On or about May 14, 2015, Jones knowingly presented $36,000 in U.S. currency to a sales manager at Geoff Rogers Autoplex in St. Peters, Missouri. On or about June 10, 2015, Jones knowingly presented $20,000 in U.S. currency to a sales manager at Geoff Rogers Autoplex at night after the business closed. Both transactions had a value greater than $10,000.

11. Jones turned over $36,000 and $20,000 cash in one-hundred dollar bill increments to the sales manager as down payments on the purchase of a 2014 Land Rover.

2

12. The $36,000 and $20,000 payments derived from the proceeds of Jones' drug trafficking business described in this Stipulation of Facts.  In 2015, Jones distributed drugs and later received cash payments or proceeds for the drugs from a drug dealer based in East St. Louis, Illinois within the Southern District of Illinois.  Jones drove these drug proceeds into the Eastern District of Missouri, where he lived.

13. Bank records for Jones' personal and publishing business accounts' reveal that Jones had no lawful sources of income to make the $36,000 and $20,000 payments in May and June 2015.

14. During an interview with law enforcement, Jones admitted that all of his money was "dirty," meaning derived from drug dealing.  Accordingly, Jones knew that he used drug proceeds to make the $36,000 and $20,000 payments on May 14, 2015, and June 10, 2015.

15. Jones stipulates that the facts set forth in this Stipulation of Facts prove beyond a reasonable doubt Counts 1 (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances) 3 and 4 (both charging Illegal Monetary Transactions).

16. Jones stipulates that venue is proper in the Southern District of Illinois, as acts in furtherance of the conspiracy occurred in the Southern District of Illinois.

17. Jones agrees that he has a prior conviction for Conspiracy to Possess with Intent to Distribute in Excess of 100 Kilograms of Marijuana, Case No.  4:01CR00265JCH, from the United States District Court for the Eastern District of Missouri, for which he served a sentence of more than 12 months imprisonment and from which he was released from imprisonment within 15 years of the commencement of the offense charged in Count 1 of the Superseding Indictment.  Jones concedes that his conviction for Conspiracy to Possess with Intent to Distribute in Excess of 100 Kilograms of Marijuana constitutes a "serious drug felony" as defined by Title 21, United States Code, Section 802(57).

**SO STIPULATED:**

RA TEM JONES
Defendant

STEPHEN WELBY, Esq.
Attorney for Defendant

Date: _2/19/19_

STEVEN D. WEINHOEFT
United States Attorney

MONICA A. STUMP
Assistant United States Attorney

Date: _2/19/19_

4